**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **HENRY JOSEPH JAQUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-0584-CVE-CDL** |
| | ) | |
| **TULSA COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ADMINISTRATIVE CLOSING ORDER**

This matter is before the Court, sua sponte, for case management purposes. Plaintiff Henry Joseph Jaquez, a self-represented pretrial detainee, brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Dkt. # 1. With his complaint, Jaquez submitted summonses and service of process forms for all twenty-six defendants. This Court authorized Jaquez to proceed in forma pauperis and directed him to pay an initial partial filing fee on or before December 12, 2025. Dkt. ## 3, 4. On Jaquez's request, the Court extended that deadline to February 10, 2026. Dkt. # 6. On December 22, 2025, the United States Postal Service returned the Clerk of Court's mailing that notified Jaquez the requested extension of time had been granted. Dkt. # 7. On December 31, 2025, Jaquez filed a notice of change of address indicating he had been moved to the Federal Medical Center in Forth Worth, Texas. Dkt. # 8. The Clerk of Court therefore sent the order granting Jaquez's request to extend the filing fee deadline to his new address. To date, Jaquez has not paid the initial partial filing fee, and the Clerk of Court has not yet issued summonses.

However, the Court takes judicial notice that Jaquez has ongoing criminal proceedings in the United States District Court for the Northern District of Oklahoma. See United States v.

Jaquez, Case No. 25-CR-0296-SEH (N.D. Okla.).[1]  Critical to the case at bar, on February 2, 2026, United States Magistrate Judge Christine D. Little found:

> [Jaquez] is presently incompetent to stand trial in these federal criminal proceedings, as he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Order for Care and Treatment, United States v. Jaquez, Case No. 25-CR-0296-SEH (N.D. Okla. Feb. 2, 2026), Dkt. # 41, at 1-2.  Magistrate Judge Little committed Jaquez to the custody of the Attorney General for care and treatment.  Id. at 2.  Based on the foregoing, the Court finds that a stay of this action is appropriate.

A court has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding.  See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." (citing Landis v. North American Co., 299 U.S. 248, 254 (1936))).

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis, 299 U.S. at 254-55.  Recognizing that district courts must exercise moderation in issuing stays, the Supreme Court has noted that there are no strict rules for the district court to apply, because "[s]uch a formula . . . is too mechanical and narrow."  Id. at 255.

The Court further notes the Court's duties regarding incompetent persons.  Federal Rule of Civil Procedure 17(c) provides:

---

[1]  The Court may take judicial notice of its own files and records, as well as facts that are a matter of public record.  Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

(c) Minor or Incompetent Person.

(1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person:

(A) a general guardian;

(B) a committee;

(C) a conservator; or

(D) a like fiduciary.

(2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c).  "[T]he language of the Rule makes the obligation mandatory . . . ." Dangim

v. FNU LNU, USA Law Enf't, No. CV 16-0812 JB/SCY, 2017 WL 3149359, at *2 (D.N.M. June

2, 2017) (unpublished)[2] (internal quotation marks omitted) (quoting Powell v. Symons, 680 F.3d

301, 303 (3d Cir. 2012) ).  Therefore, this Court has a duty to ensure that Jaquez is competent.  See

Howard v. City of Albuquerque, 349 F. Supp. 3d 1137, 1148 (D.N.M. 2018).

Based on the circumstances of this case, the Court deems a stay appropriate.  First, Jaquez

has not served the defendants, and no defendant has entered an appearance in this case.  Therefore,

a stay does not prejudice any defendant.  Second, the Court finds it more appropriate to issue the

stay until such point Jaquez's competency is restored instead of expending resources to appoint

Jaquez a guardian ad litem.  Third, sister courts have likewise stayed civil proceedings when

confronted with similarly situated plaintiffs.  See, e.g., Howard, 349 F. Supp. 3d at 1148-49

(granting the plaintiff's motion to stay § 1983 proceeding wherein plaintiff was found incompetent

by a state district judge in an ongoing criminal proceeding); see also Beck v. Government, Case

---

[2]     The Court cites all unpublished decisions herein as persuasive authority.  FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

No. CIV 34-0154 JB/LF, 2024 WL 3401051 (D.N.M. July 12, 2024) (granting the plaintiff's request to stay his civil action under § 1983 after he was determined incompetent to stand trial in his pending criminal cases).

For all these reasons, the Court will stay this action. And, because it is unclear how long Jaquez will be committed to the custody of the Attorney General, the Court further concludes this matter should be administratively closed. LCvR41-1; see also Patterson v. Santini, 631 F. App'x 531, 534 (10th Cir. 2015) ("When a court administratively closes a case, the closure generally operates as the practical equivalent of a stay." (internal quotations omitted)). The case may be reopened upon a showing of good cause or on the court's own motion. LCvR41-1; Patterson, 641 F. App'x at 534 ("Because an administratively closed case 'still exists on the docket of the district court,' it 'may be reopened upon request of the parties or on the court's own motion.'" (quoting Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004))).

Finally, the Court takes judicial notice that mail sent by the Clerk of Court to Jaquez at the Federal Medical Center in Fort Worth, Texas, regarding a second civil action pending before the undersigned, was returned as undeliverable in March 2026. See Jaquez v. Larson, Case No. 25-CV-0522-CVE-JFJ (N.D. Okla.). Therefore, as a courtesy to Jaquez, the Clerk of Court is directed to email Jaquez's defense counsel in the criminal proceeding, Jason Lollman, a copy of this order.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. this case is **stayed** and this matter is **administratively closed**;

2. if Jaquez wishes to continue this litigation, no later than thirty days after his competency is restored, Jaquez must **file** a motion asking this Court to reopen this federal action;

4

3.  the Clerk of Court shall **email** a courtesy copy of this order to Jaquez's defense counsel, Jason Lollman at jason_lollman@fd.org.; and

4.  the Clerk of Court shall **mail** this order to Jaquez's last known address.[3]

**DATED** this 3rd day of April, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3]     LGnR2-6 ("Papers sent by the Court will be deemed delivered if sent to the last known physical … address provided to the Court.").